**HAI YU LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–73797.**

United States Court of Appeals, Ninth Circuit.

---

* The Honorable Lyle E. Strom, Senior U.S. District Judge for District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Oct. 13, 2009.*

Filed Oct. 26, 2009.

Evan Lee Murri, Esquire, Law Offices of Evan L. Murri, PLC, San Gabriel, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, John Clifford Cunningham, I, Esquire, Senior Litigation Counsel, Shelley Goad, Senior Litigation Counsel, OIL, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

## MEMORANDUM **

Hai Yu Lin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from the immigration judge's ("IJ") decision denying Lin's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence credibility findings, *Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir.2009), and we review for abuse of discretion the IJ's discretionary denial of asylum, *Gulla v. Gonzales*, 498 F.3d 911, 915–16 (9th Cir.

2007). We grant the petition for review and remand.

Substantial evidence does not support the IJ's adverse credibility determination because the inconsistencies cited by the IJ are based on personal speculation, *see Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir.2000), or are based on minor inconsistencies that do not go to the heart of the claim, *see Li*, 559 F.3d at 1103.

The IJ abused his discretion in denying asylum on discretionary grounds solely on the basis of Lin's use of a false passport to enter this country. *See Gulla*, 498 F.3d at 917 (A petitioner's use of false documentation to enter the country "does not detract from but supports his claim of fear of persecution. Accordingly, it would be anomalous for an asylum seeker's means of entry to render him ineligible for a favorable exercise of discretion.") (citations and internal quotation omitted).

Accordingly, we grant the petition for review and remand for further proceedings to determine whether, taking Lin's testimony as credible, she is eligible for asylum, withholding of removal, or CAT relief. *See Soto–Olarte v. Holder*, 555 F.3d 1089, 1095–96 (9th Cir.2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.